```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION

JAMES B. BEY,                       )
                                    ) Civil Action
      Plaintiff,                    )
                                    ) File No. 1:10-CV-1426-TWT
v.                                  )
                                    )
JOHNSON FREEMAN, LLC and            )
TAYLOR BEAN & WHITAKER MORT.        )
CORP. ET AL.,                       )
                                    )
      Defendants.                   )
```

**MOTION TO DISMISS AND FOR REMAND**

COME NOW Johnson & Freedman, LLC, incorrectly identified in the Complaint as Johnson & Freeman, LLC ("J&F") and Taylor Bean & Whitaker Mort. Corp. ("TBW"), Defendants in the above-styled civil action, and hereby file their Motion to Dismiss pursuant to *Rule 12(b)(6)*, and show this honorable Court the following:

STATEMENT OF FACTS

1.

On July 26, 2007, E. Burks Development, LLC, executed and delivered a Warranty Deed (the "Warranty Deed") to Leonard Benau ("Benau"), conveying certain real property commonly known as 3445 Herschell Road, College Park, Georgia.

2.

The Warranty Deed was recorded in the Fulton County, Georgia, deed records on July 30, 2007, at Book 45449, Page 26.

3.

On July 26, 2007, to secure payment of a Note in the original principal amount of $485,000.00, Benau executed a Security Deed (the "Security Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for TBW, conveying a first priority security interest in the Property.

4.

The Security Deed was recorded in the Fulton County, Georgia, deed records on July 30, 2007, at Book 45449, Page 28.

5.

Benau defaulted on payments due under the Security Deed and underlying Note, and on June 3, 2008, MERS conducted a foreclosure sale of the Property, and TBW purchased the Property at the sale for a high bid of $517,256.37.

6.

A Deed Under Power (the "Deed Under Power") conveying the Property to TBW was recorded in the Fulton County, Georgia, deed records on August 12, 2008, at Book 47080, Page 36.

7.

Subsequent to the foreclosure sale, TBW filed a Dispossessory Action against Benau and/or All Others as tenants at sufferance holding over after foreclosure in the Magistrate Court of Fulton County, Case No. 10ED472804 (the "Dispo").

8.

The Plaintiff filed an Answer and Counterclaim in the Dispo and a hearing was conducted on March 23, 2010; at the hearing, judgment for possession was entered in favor of TBW and the Counterclaim was dismissed (the "Magistrate Judgment").

9.

Plaintiff filed an appeal of the Magistrate Judgment to the State Court of Fulton County, Case No. 10DD003746 and a hearing was conducted on May 4, 2010; Plaintiff failed to appear at the hearing and his appeal was dismissed.

10.

Plaintiff filed his Verified Counterclaim and Complaint/Notice of Petition; and Verified Petition for Warrant of Removal / Verified Complaint (the "Complaint/Removal") herein, naming TBW and J&F (counsel for TBW in the Dispo proceedings) as Defendants, on May 11, 2010.

11.

Plaintiff filed a Notice of Removal in the State Court on or about May 13, 2010, incorrectly identifying the Case at bar as 1:10CV1428.

12.

Plaintiff filed his Verified Amended Complaint for Declaratory Relief, Injunctive Relief and Money Damages, Affidavit

of Negative Averment, Opportunity to Cure and Counterclaim (the "Amended Complaint") on May 17, 2010.

13.

As of this date, neither Defendant has been served with the Complaint or Amended Complaint.

**ARGUMENT**

I. <u>This Court Lacks Diversity Jurisdiction</u>.

28 U.S.C. § 1332 provides for this Court's jurisdiction over matters in controversy over $75,000 if the action is between citizens of different States. Under § 1332, however, the diversity must be complete, meaning that no plaintiff and no defendant can reside in the same State. <u>Carden v. Arkoma Assoc.</u>, 494 U.S. 185, 187 (1990); <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998).

Because Plaintiff is a citizen of Georgia, and Defendant J&F is a Georgia corporation with its principal place of business in Georgia, diversity jurisdiction is lacking. The Complaint has failed to sufficiently allege diversity jurisdiction and should therefore be dismissed under *Fed.R.Civ.P. 12(b)(1)*.

II. <u>Plaintiff's Complaint fails to state a claim upon which relief may be granted</u>.

*Fed.R.Civ.P. 12(b)(6)* should be employed only when the complaint does not present a legal claim. <u>Johnson v. Revenue Mgmt. Corp.</u>, 169 F.3d 1057 (7th Cir. 1999). The essence of a

defendant's *Rule 12(b)(6)* motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim. <u>Payton v. Rush-Presbyterian St. Luke's Med. Ctr.</u>, 184 F.3d 623 (7th Cir. 1999)(citing <u>Johnson</u>).

Although it is difficult to determine Plaintiff's claims as set forth in his Complaint and Amended Complaint, Plaintiff seems to be alleging that the Magistrate Judgment was illegal and therefore he is entitled to punitive and compensatory damages, but his allegations are not supported by any facts or evidence.  Although Plaintiff has no recorded title to the property, he demands to inspect the original Note - but as shown above, TBW's borrower was Leonard Benau, not the Plaintiff and therefore no Note signed by the Plaintiff exists.  Plaintiff further appears to claim that he purchased the property from TBW, but there is no deed signed by TBW conveying the property to him.

Furthermore, Plaintiff has failed to assert any claims whatsoever against Defendant J&F.  Therefore, Plaintiff's Complaint should be dismissed WITH PREJUDICE for failure to state a claim.

III. In the event Plaintiff's Complaint constitutes a Notice of Removal of the Dispossessory, Defendants request that this action be remanded back to the State Court of Fulton County, Georgia.

Although Plaintiff seeks damages in his Complaint, he also asserts that his Complaint is a removal of the dispossessory, and he has filed a Notice of Removal in the State Court of Fulton County.  In the event that the Court determines that Plaintiff's Complaint constitutes a removal of the dispossessory, Defendants show the Court the following in support of remand:

An action of which the United States Court could have original jurisdiction may in general be removed to the District Court by the defendant. 28 U.S.C.S. §1441.  However, in the context of a federal cause of action, jurisdiction is determined by reference to the well-pleaded complaint rule. Catepillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). This rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint. Catepillar, 482 U.S. at 392-392. As the plaintiff is the master of the claim, he may, by relying exclusively on state law, preclude federal jurisdiction even where a defendant may raise a federal defense to the plaintiff's state claim. Catepillar, 482 U.S. at 392-392.

The intent of Congress in passing the removal statutes was to restrict federal court jurisdiction. Healy v. Ratta, 292 U.S. 263, 270, 54 S. Ct. 700, 703 (1934). Moreover, as a result of significant federalism concerns, the removal statutes must be strictly construed and any doubts or ambiguities are to be decided in favor of remand. Healy, 292 U.S. 263 at 270.

The Plaintiff herein cannot remove the case to this Court because TBW, the Dispossessory Plaintiff, relied exclusively on state law when filing its dispossessory proceeding. Further, because the Dispossessory Defendant (Plaintiff herein) is a citizen of Georgia, and because no federal question is presented on the face of TBW's properly-pleaded dispossessory complaint, the Dispossessory Defendant is precluded as a matter of law from removing the case. See, e.g., 28 U.S.C. § 1441(b) ("...[a]ny other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Moreover, complying with the intent of Congress due to its federalism concerns, the removal statute must be strictly construed and any doubts should be remanded back to state court. The Dispossessory Defendant may not remove the dispossessory to federal court, and TBW respectfully requests that this honorable Court remand the action to the State Court of Fulton County, Georgia for resolution of the Dispossessory.

WHEREFORE, Defendants pray that this honorable Court dismiss Plaintiff's Complaint WITH PREJUDICE; and remand the case back to the State Court of Fulton County for resolution of the dispossessory.

Respectfully submitted this 9th day of June, 2010.

                        JOHNSON & FREEDMAN, LLC

                        By: /S/ Kyle S. Kotake
                            Kyle S. Kotake
                            Georgia Bar No. 428697
                            Attorney for Defendants

1587 N.E. Expressway  
Atlanta, Georgia 30329  
Direct Dial:  (678) 298-8863  
           (770) 234-9181  
Facsimile:    (404) 329-8195  
Email:        kskotake@jflegal.com  
1111910LT\A6858199

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **MOTION TO DISMISS** was served upon the following by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to insure delivery, addressed as follows:

James B. Bey
3445 Herschell Rd.
College Park, GA 30337

This 9th day of June, 2010.

/S/ Kyle S. Kotake
Kyle S. Kotake
Attorney for Defendants

JOHNSON & FREEDMAN, LLC
1587 N.E. Expressway
Atlanta, Georgia  30329
Direct Dial:   (678) 298-8863
               (770) 234-9181
Facsimile:     (404) 329-8195
Email:         kskotake@jflegal.com