IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES BOGAN *ens legis,* 'et al', Noble: [;James D.-Bogan:Bey] James Bey (an Indigenous, Aboriginal, Natural-Born Moorish American Man, proceeding "At Law"),<br><br>    Plaintiff,<br><br>    v.<br><br>JOHNSON FREEMAN, LLC, TAYLOR BEAN & WHITAKER MORT. CORP., et al.<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>1:10-CV-1426-TWT |

**O R D E R**

Plaintiff, ("an Indigenous, Aboriginal, Natural-Born Moorish American Man, proceeding 'at law')" also proceeding pro se, seeks to file this action without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1964). After consideration by the Court of Plaintiff's affidavit of indigency, the Plaintiff's motion to proceed in forma pauperis is hereby **GRANTED. SERVICE SHALL NOT ISSUE** at this time, however.

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The purpose of this requirement is to " 'give the defendant fair notice

of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007) (internal citations omitted). In this regard, Federal Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In determining compliance with the pleading rules, "a trial judge is to employ less stringent standards in assessing pro se pleadings[, however] this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." Lampkin-Asam v. Volusia County School Board, 2008 WL 80708 at *2 (11th Cir. 2008) (internal punctuation omitted); see also McNeil v. U.S., 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

When, as a result of a failure to comply with the above rules, a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant may move the district court for a more definite statement under Federal Rule of Civil Procedure 12(e)." Branham v. Astrue, 2009 WL 1025393 (M.D. Ga. 2009). Similarly, if the Court concludes that Plaintiff's complaint has failed to meet the requirements of Rule 8(a) or 10(b), it may dismiss the complaint sua sponte for failure to state a claim.

Driessen ex rel B.O. v. Florida Dept. Of Children and Families, 2009 WL 3471302 *1 (11th Cir. 2009) (affirming district court's sua sponte dismissal under Rule 8(a) for failure to state a claim). Indeed, a district court has "a supervisory obligation under Rule 12(e), to sua sponte direct a plaintiff to better plead his complaint when a shotgun complaint fails to adequately link a cause of action to its factual predicates." Lampkin-Asam, 2008 WL 80708 at *2 (11th Cir. 2008) (quoting Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006)).

While there is no precise definition of a "shotgun pleading," "[w]here . . . each count [of a complaint] incorporates every antecedent allegation by reference, the defendant's affirmative defenses are not likely to respond to a particular cause of action but, instead, to the complaint as a whole. Such disjointed pleadings make it difficult, if not impossible to set the boundaries for discovery." Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001). Similarly, it has also been observed that "shotgun pleadings" are "framed in complete disregard of the principle that separate, discrete causes of action should be plead [sic] in separate counts." Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996). "In addition, these pleadings often fail to specify which claims are brought against which defendants." Skyventure Orlando, LLC v. Skyventure Management, LLC, 2009 WL

3

2496553 at \*6 (M.D.Fla. 2009) (citing <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001)).

Here, Plaintiff's complaint, as amended, [Doc. 2], exhibits all of the listed indices of a shotgun pleading.  Rather than allege specific facts with regard to specific counts, Plaintiff has included a section titled "COMPLAINT" in which he states, in a single paragraph, all of his factual allegations, which are substantively incomprehensible.  [Doc. 2, at 3].  Similarly, Plaintiff has completely failed to separate his various claims into discrete counts, or to even state what claims he asserts. [Doc. 2, at 4].  In addition, the complaint does not specify which claims, if any, are being asserted against which Defendants.  [Doc. 2].  The complaint also contains an abundance of irrelevant and immaterial matters, including a section entitled: "Maxims of Law."  There is no statement of any legal basis for a claim for relief discernible from the complaint.

In light of the foregoing, the undersigned concludes that Plaintiff's complaint is a "shotgun pleading" which fails to state any discernible legally cognizable claim for relief, and that it is this Court's supervisory obligation <u>sua sponte</u> to direct the Plaintiff to re-plead his complaint in a manner that complies with the Federal Rules.   <u>See Lampkin-Asam</u> 2008 WL 80708 at \*2. Therefore, this Court **STRIKES** Plaintiff's complaint. Plaintiff will

4

be permitted to file, within **fourteen (14) days** of the entry of this order, an amended complaint that complies with Rule 8(a) and 10(b) by presenting each claim for relief with such clarity as to permit the Defendants to discern Plaintiff's legal claims and the factual bases therefor, and to frame a responsive pleading or motion. Failure to re-plead will result in the termination of this action against Plaintiff and in favor of Defendants, with prejudice.

The Clerk is **DIRECTED** to resubmit this matter to the undersigned fifteen days after the entry of this order.

**SO ORDERED**, this 9th day of July, 2010.

> */s/ E. Clayton Scofield III*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)