**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 22 2010

JAMES N. HATTEN, Clerk
By: Deputy Clerk

JAMES BOGAN ens legis, et al;
Noble: [James D. Bogan: Bey]
James Bey (an indigenous, Aboriginal, Natural-Born Moorish American Man, Proceeding "At Law"),
Plaintiff, In Propria Persona and Sui Juris

Vs.

TAYLOR BEAN & WHITAKER, A FLORIDA CORP.

JOHNSON & FREEDMAN LLC.,
1587 N.E. Expressway
Atlanta, GA 30329
Et al.
Defendants,

CIVIL ACTION FILE NO.

1: 10-CV-1426-TWT

IN ADMIRALTY

RESPONSE TO ORDER

**AMENDED COMPLAINT**

COMES NOW, James D. Bogan: Bey ( an indigenous, Aboriginal, Natural Born Moorish American Man) proceeding "At Law" and In Propria Persona Sui Juris seeking Declatory Relief, Injunctive Relief, Money Damages, and Counterclaim against the above named defendants et al.

Pursuant to the UNITED STATES DISTRICT COURT for THE NORTHERN DISTRICT OF GEORGIA's " **ORDER** " dated 9 July 2010, the Plaintiff hereby resubmits his " Amended Complaint " as directed.

**JURISDICTION**

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA now has proper jurisdiction over this cause of action for removal, pursuant to, but not limited to the following statutory authorities: Uniform Commercial Code 1-308 (UCC 1-308), 42 USC 1985(3), 42 USC 1983, 18 USC 241, and 18 USC 242. Moreover, this court is granted the express authority to hear and adjudicate any questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights, the Ninth (9th) amendments, Eleventh (11th) amendment, the Original Thirteenth (13th) amendment, the Fourteenth (14th) Amendment, The International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with reservations. See Article VI, Supremacy Clause of the Constitution of the United States of America, as lawfully amended (hereinafter "Federal Constitution").

1. Petitioner notes for the Court's convenience that 28 USC 1443(1) provides for the removal of any and all types of state court cases for violations of equal right, with the sole exception being only the following four (4) types of circumstances, pursuant to 28 USC 1445:

a) a civil action against a railroad or its receivers or trustees that arises under certain laws;
b) a civil action against a carrier or its receivers or trustees that arises under certain laws;
c) a civil action arising under the workmens compensation laws; and
d) a civil action arising under section 40302 of the Violence Against Women Act of 1994.
e) Therefore, civil rights violations against Petitioner committed within the instant state court are proper grounds for removal to the United States Districts Courts.

2. Plaintiff, James-B: Bey petitions the U.S. District Court " of necessity " because damage against Plaintiff In Personam and In Rem is actionable under both State and Federal law (26 U.S.C. 7214). Plaintiff grants the U.S. District Court In Personam jurisdiction and assumes original Article III standing in this action " At Law " pursuant to the 1787 US Constitution, Article III, Section 1 (Division of the Courts), and Section 2 ("The judicial power shall extend to all cases..."). Plaintiff executes this Verified Complaint within the United States of America (28 USC 1746(1)) under law for the United States of America, with explicit reservation of all Indigineous unalienable rights without prejiduce (UCC 1-308, O.C.G.A. 11-1-207). Plaintiff appears Sui Juris, In Propria Persona, requesting that three Judges be called together to comprise the Court (28 USC 2284). Plaintiff requests adequate and meaningful access to the U.S. District Court for Remedy and Relief entitled to " as a matter of law." Judicial Review is necessary because prohibited governmental activity is likely to continue unless curtailed by higher authority. Reference to privately copyrighted law; court rules; and authorities through citation imply no waivers or confer foreign authority.

3. Plaintiff, James D. Bey also petitions the U.S. District C " of right" because In Personam jurisdiction lies within Article III original jurisdiction (1787 US Constitution, Article III) pursuant to the Law of the Land. Plaintiff, an Indigenous and Sovereign, Natural-Born State Citizen, Native American (1787 US Constitution, Art. 1, Sec 2, clause 3; Art. 2, Sec. 1, Clause 5; Art. 4, Sec. 2; Amendment 13; Inhabiting a State of the Union under a Republican Form of Government, 1787 US Constitution Art. 4, Sec. 4) appearing Sui Juris and In Propria Persona, in under Article III original jurisdiction pursuant to the Law of the Land, having unalienable natural rights conferred from God and – established forever, as protected and incontrovertibly guaranteed within the fundamental organic American lkaw (1776 Declaration of Independence; 1777 Articles of Confederation; 1787 US Constitution including its Preamble and Bill of Rights; 1787 Northwest Ordinance).

4. US Constitution, Article III, Section 1 and Section 2, providing Original Jurisdiction under "Division of Courts" for issues of Constitution, Federal Law, Foreign States and Foreign Citizens, and International Treaty Law. (" The judicial Power shall extend to all cases, in law and equity, arising under this constitution , the laws of the United States, and treaties made, or which shall be made, under their authority;..."to controversies to which the United States shall be a party; to controversies between two or more states, between a state and Citizens of another state, between Citizens of different states"... and between a state, or the Citizens thereof and foreign States, Citizens or Subjects.")

5. Alien Tort Claims Act of 1789 (codified at 28 USC 1350) – Provides jurisdiction for tort injuries violating the Law of Nations and all Treaty Law which the United States is a party to.

6. Law of Nations -- Internationally recognized system of rules established to guarantee and insure justice pursuant to Internationally recognized recognized Rule of Law. International Law is binding upon all Federal and State courts and political subdivisions, who are bound to recognized and apply the Law of Nations as part of the Law of the Land (US vs. Melekh, DC NY, 190 F. Supp. 67 (1960); 1787 US Constitution, Art. 1, Sec 8 Clause 10) and have an obligation to enforce International Law because of United States membership in the community of nations, and because International Law is part of the Law of the Land (Banco Nation de Cuba v. Sabbatino, DC, NY 193 F. Supp 375 Affd., 307 F.2d 845, Rev on other grounds, 376 US 398, 11 Led 2d 804, on remand 272 F. Supp. 863; The Neriede, 9 CR 388, 423; US vs. Belmont, 301 US 324 (1937); Moore, International Law, 56 Cong. Doc 551 Vol. 1, Sec. 2, U.S. G.P.O. (1906).)

7. Doctrine of Universal Jurisdiction – Confers both obligation and jurisdiction on all courts to provide " Compulsory Process" and " Effective Remedy " to mitigate prohibited governmental activity in violation of Constitution; International Laws of Nations; and Treaty Law.

8. International Covenant on Civil and Political Rights ( United Nations G.A. Res. 2200, XXI U.N. GAOR Sup. Ratified by the U.S. Senate, 1992) – Insures that a Plaintiff's

rights are implemented " in accordance with Constitutional processes " with Compulsory Process " and " Effective Remedy."

**Narrative**

1. The Plaintiff purchased property located at 3445 Herschel Road, College Park Georgia 30337 from Taylor, Bean, & Whitaker Mortgage Corp. (from hereon referred to as "TBW") and closed on said property on 26 June 2009 (TBW. The ADDENDUM TO CONTRACT signed and dated by JAMES BOGAN et al. (from hereon referred to as buyer) is evidence that a contract existed prior to 26 June 2009 between the Seller (Taylor, Bean, & Whitaker Mortgage Corp. and the Buyer (James Bogan, et al,) TBW CASE # 1903378. (Exhibit A).

2. The Plaintiff also executed an AS IS CONDITION ADDENDUM TO PURCHASE & SALE AGREEMENT which was signed and dated by the buyer and seller on 16 May 2009 and 26 May 2009 respectively. This again evidences that a contract existed between the buyer and seller prior to 16 May 2009 concerning subject property in question. (Exhibit B.)

3. An e-mail from the Real Estate Broker, Jacqueline Cormier (Cormier Realty, 950 Eagles Landing Parkway, Suite 115, Stockbridge, Ga, 30281 Ph. 404-427-9697, JackieSellsGeorgia@yahoo.com) to James Bogan et al., dated 1 June 2009 (Exhibit C) is further evidence that not only did a contract exist prior to 28 May 2009 between the buyer and the seller, but also that payment had been tendered. It is also evidenced by this e-mail transmission that Pam Caruso of TBW (REO Closing Specialist, 315 NE 14th Street, Ocala, Fl 34470, Ph. 352-690-9458) submitted documents for the buyer to sign concerning the Addendum To Contract signed and dated by the buyer on 2 June 2009. (Exhibit A).

4. The Plaintiff asserts that as of the closing date of 26 June 2009, he was, is, and evermore to be the sole owner and possessor of subject property and therefore has all rights and claims to said property superior to all others. The Plaintiff acted in good faith and with clean hands concerning the acquisition of said property and believed that the seller TBW had contractually agreed likewise.

5. Subsequently and long after the contract had been agreed upon and settled by both parties, an action arose in the State Court of Georgia (File # 10EE472804 MAGISTRATE & File # 10DD003746 STATE respectively) with TBW as Plaintiff vs. Leonard Beanau as defendant concerning said property at 3445 Herschel Road, College Park Ga, 30337.

6. As a result of subject proceedings commenced in The State Court of Georgia, a Writ Of Possession was issued on 23 March 2010 at the Dispossessory Hearing against the said property at issue (3445 Herschel Road, College Park, Ga 30337) in favor of the plaintiff "TBW".

7. The Plaintiff entered the State action as a Third Party Plaintiff by Special visitation and not generally based on the fact the he was not a party to the state action and not subject to any injury as a result of said state action. The Third Party Plaintiff demanded the Third Party Defendant in this matter (JOHNSON, JOHNSON, & FREEDMAN) produce their proof of claim. The demand included the inspection of the " Original Mortgage Note," with wet ink signatures along with the Title Page that shows whether or not the mortgage has been satisfied. The Third Party Defendants never produced such evidence thereby waiving any rights to any lawful claim to subject property in question. Furthermore, an affidavit was filed and recorded in the Fulton County real estate records Book 48857 Pg. 557 claiming superior title by the Third Party Plaintiff (James Bey) in the State matter and was not contested or ever rebutted by the Third Party Defendant by counter affidavit in accordance with O.C.G.A. 44-11-32 (2009) causing a Land Tort Claim which does exceed the diversity threshold. Nevertheless, the State Court ignored Prima Facie evidence and issued a void judgement in favor of the Third Party Defendant which has caused injury to the Third Party Plaintiff and his family. The injurious judgement issued by the State Court in favor of the Third Party Defendant without any evidence in support thereof is evidence of bias and prejiduce and eroded the confidence of the courts ability to be fair and impartial towards the Third Party Plaintiff. Therefore, the Third Party Plaintiff in the States case and Plaintiff in this federal case has reason to believe he cannot receive a fair and impartial trial at the state level and considers it as a basis to remove the matter to the Federal District Court.

8. Furthermore, The seller of said property " TBW " sold the property on 26 January 2010 "again " to SELENE RMOF REO ACQUISITION II LLC, 9990 RICHMOND AVE, SUITE 100, HOUSTON, TX 77042 for $34, 870.00 without the knowledge, agreement, or compensation of the said owner, Plaintiff James Bey et al. Plaintiff was led to believe he was the rightful owner of said property and tendered payment in the amount of $255,000.00 to TBW (who never transferred the title to James Bey) which was signed for and received by the Chief Financial Officer as evidenced by UNITED STATES POSTAL SERVICE PS Form 3811 (Receipt for Registered Mail), Tracking No. 7008 3230 0000 3124 4573 of which the Plaintiff has the original document. The Plaintiff did not receive his tendered payment back from TBW and then TBW resold the property. (Exhibit D)

9. The State Court was aware of these facts and despite the lack of any evidence provided by the Third Party Defendants in the state matter, injured the Plaintiff in this federal matter by ignoring state codes and statutes and civil procedures, as well as federal codes and statutes and civil procedures, not to mention blatant violations of the State and Federal Constitutions respectively.

## CLAIMS FOR WHICH RELIEF MAY BE GRANTED

As a result of the foregoing facts, the Plaintiff makes the following claims for which he prays relief may be granted by this Honorable Court:

1. The State Court violated the United States Constitution's 4th, 5th and 14th amendment's by depriving the Plaintiff of his life, liberty, or property without due process and equal protection under the law by granting James Bey et al. property to a party who had no real interest in the matter and never produced any evidence of Proof of Claim and illegal seizure.

2. The State Court injured James Bey et al. and his family by issuing a judgement against the property of James Bey without the Plaintiff ever meeting the burden of establishing that the court had subject matter or in Personam jurisdiction violating the 4th, 5th and 14 amendments of the United States Constitution by illegally seizing said property depriving plaintiff and family of life, liberty, or property without due process or equal protection under the law..

3. The State court injured James Bey et al. and his family by issuing a judgement in favor of a party who lacked any standing in the matter in violation of the 4th, 5th, and 14th amendments of the United States Constitution concerning Illegal seizure of said property, deprivation of life, liberty, and property without due process and equal protection under the law.

4. Taylor Bean & Whitaker, a foreign corporation breached the contract between TBW and James Bey et al. after receiving payment for said property and refusing to transfer title to the lawful owner thereby engaging in commercial fraud, interstate RICO violations, and theft of $255,000.00 from James Bey et al.

## RELIEF REQUESTED

Plaintiff request Injunctive Relief, Declaratory Relief, Money Damages and Punitive Damages

1. Plaintiff request's injunctive relief that the District Court orders the State Courts Judgement and all dispossessory actions be halted until a determination has been made by the District Court as to the lawful owner of said property in question.

2. Plaintiff request's Declaratory relief that the District Court determine the rightful and lawful owner of the property in question.

3. Plaintiff requests Money Damages in the amount of $325,000.00 which includes $255,000.00 with interest plus monetary damges to be paid in lawful currency by the State Of Georgia if it is determined that the property does not belong to Plaintiff.

4. Plaintiff requests that Punitive damages in the amount of $289,870.00 be awarded and paid to Plaintiff by the Defendants et al. in their professional and personal capacity based on their breach of contract, misrepresentation, and fraudulent activities. This total includes the $255,000.00 payment made by Plaintiff and $34,870.00 obtained from the second sale of the property.

5. Any and all other equitable relief available to plaintiff in accordance with the applicable laws as the District Court determines appropriate in accordance with due process of law.

The Plaintiff prays that this Honorable court grant the relief requested to prevent further injury to Plaintiff and his family.

RESPECTFULLY,

James Bey,
In Propria Persona Sui Juris, All Rights Reserved

Exhibit A




**ADDENDUM TO CONTRACT**

**Seller's Name:** Taylor, Bean & Whitaker Mortgage Corp.

**Buyer's Name:** James Bogan

**Case#** 1903378

**Property Address:** 3445 Herschel Road, College Park, GA 30337

**Closing Date:** June 26, 2009

The following shall become a part of that certain contract between above referenced parties on the property described above:

**All parties hereby agree to add 2.5% commission to be paid to the realtor, Jacqueline Cormier @ Cormier Realty paid by the seller.**

**ALL OTHER TERMS REMAIN UNCHANGED.**

**Seller:** Taylor, Bean & Whitaker Mortgage Corp. Date

06-02-2009

**Buyer:** James Bogan **Realtor:** Jacqueline Cormier Date

## AS IS CONDITION ADDENDUM TO PURCHASE & SALE AGREEMENT

This is an Addendum to Taylor, Bean & Whitaker's standard Agreement for the Purchase & Sale of Residential Real Estate by and between James DeMarco Bogan (Buyer) and Taylor, Bean & Whitaker Mortgage Corp (Seller) dated ________________ which governs the purchase of property located at 3445 Herschel Road, College Park GA 30337 and more specifically described in the Agreement (property).

This Addendum shall be deemed to supplement the Agreement and, in the event of a conflict, the provisions of this Addendum shall be deemed to control.

Purpose of .As-Is. Addendum: This property is being sold in its existing condition. Seller will make no repairs and will convey this property without any representations or warranties, either expressed or implied.

Seller's Responsibilities: By selling the property in existing .As-Is. condition, the Seller remains obligated to disclose any known defects or material facts of the property or improvements. However, there may be material facts of which the Seller is not aware of, which qualified experts may be able to discover, or latent hidden defects which time may reveal. The Seller is not responsible for latent hidden defects or defects which time may reveal.

Buyer's Rights and Responsibilities: The Buyer is advised to obtain professional property inspections and to inspect all public records relating to the property.

The improvements on the property may not conform to current building codes and/or may not have all required building permits. Buyer is strongly advised to inspect all public records, have a professional home inspection to ascertain the exact condition of the property and make reasonable inquiries regarding individual concerns before inspection contingency deadlines contained in the Agreement.

Limitation of Seller liability: Buyer acknowledges that the property is being sold .As-Is., where is, with all faults. Prior to closing, Buyer will make such inspections of the conditions of the property, as Buyer deems necessary. Seller makes, and has made, no representations or warranties as to the condition of the property and specifically disclaims and excludes any and all warranties, expressed or implied, oral or written.

| | |
|---|---|
| Buyer: James DeMarco Bogan | Seller: Taylor Bean & Whitaker Mortgage, Corp. |
| 5-16-09 | 5-26-09 |
| Date | Date |
| Buyer: | Seller: |
| Date | Date |

Exhibit C

Gmail bogeninvestments@gmail.com |

taylor bean Search Mail Search the Web

Secured Transactions Law - www.sheshunoff.com/Pratt/UCC - UCC Article 9 Guidance Barkley and Barbara Clark About these ads

Archive Report spam Delete Move to Inbox Labels More actions 11 of 16

**Fw: Case#1903378 - Bogan - 3445 Herschel Road** Inbox x

Jacqueline Cormier to me 6/1/09

James

Please sign this form and email it back to me so once this is completed Talyor and Bean will settle their payment to my company.

Thanks

*Jacqueline Cormier*

*Broker*

*Real Estate Consultant*

*Cormier Realty*

*950 Eagles Landing Pkwy, Suite 115*

*Stockbridge, GA. 30281*

*Direct: 404-427-9697*

----- Forwarded Message -----
From: "Caruso, Pamela" <
To:
Cc: "Caruso, Pamela" <
Sent: Thursday, May 28, 2009 2:46:54 PM
Subject: Case#1903378 - Bogan - 3445 Herschel Road

Jackie, can you please sign this and have the buyer sign. Please let me know if you need anything else. Thank you.

*Pam Caruso*
Taylor Bean & Whitaker Mortgage Corp.
RBO Closing Specialist
315 NE 14th Street
Ocala, FL 34470
352-690-9458 (Direct Line)
352-732-9458 (Fax)

2 attachments —

Addendum to Contract - Add Realtor Commission.doc
1211K

Utility Authorization.PDF
32K

J.O.B to Jacqueline 6/2/09 J.O.B

Chat
Search, add, or invite
J.O.B
Invisible
You are invisible.
chien ngo
we can take lease fun
Cornelius Shepherd
Gilang Prana
Steven Kowalski
Creative funding soluti
al karmali
Amit Tester
Mike Kis
mmaal7
afworld trustcompana
Invite a friend
Give Gmail to:
Invitations 50 left

Map this

Sponsored Links
Learn and Improve BPOs
Top BPO/REO need RE agents
Your Search For An Experienced And & Trusted Local Realtor Ends Here!
REO Properties are selling!
Represent Investors in REO homes.
No-find, no-fee
Save time, money and stress with us
Top REO Agent Reveals His System To Getting Listings From Banks
Superior options trading technology from industry leading optionsXpress
optionsXpress.com
getting PMTS from sale of RE
Cash Now for your NOTE!
Professional Liability Insurance
For Real Estate Professionals
More about...

Exhibit D

PT-61 (Rev. 11/04) To be filed in **FULTON COUNTY** **PT-61 060-2010-004270**

| SECTION A – SELLER'S INFORMATION (Do not use agent's information) | | SECTION C – TAX COMPUTATION | |
|---|---|---|---|
| SELLER'S BUSINESS / ORGANIZATION / OTHER NAME<br>TAYLOR BEAN AND WHITAKER | | Exempt Code<br>If no exempt code enter NONE | NONE |
| MAILING ADDRESS (STREET & NUMBER)<br>315 NE 14TH STREET | | 1. Actual Value of consideration received by seller<br>Complete Line 1A if actual value unknown | $34,870.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY<br>OCALA, FL 34470 USA | DATE OF SALE<br>1/26/2010 | 1A. Estimated fair market value of Real and Personal property | $0.00 |
| SECTION B – BUYER'S INFORMATION (Do not use agent's information) | | 2. Fair market value of Personal Property only | $0.00 |
| BUYERS'S BUSINESS / ORGANIZATION / OTHER NAME<br>SELENE RMOF REO ACQUISITION II LLC | | 3. Amount of liens and encumbrances not removed by transfer | $0.00 |
| MAILING ADDRESS (Must use buyer's address for tax billing & notice purposes)<br>9990 RICHMOND AVE SUITE 100 | | 4. Net Taxable Value<br>(Line 1 or 1A less Lines 2 and 3) | $34,870.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY<br>HOUSTON, TX 77042 USA | Check Buyers Intended Use<br>( ) Residential ( ) Commercial<br>( ) Agricultural ( ) Industrial | 5. TAX DUE at .10 per $100 or fraction thereof<br>(Minimum $1.00) | $34.90 |

| SECTION D – PROPERTY INFORMATION (Location of Property (Street, Route, Hwy, etc)) | | | |
|---|---|---|---|
| HOUSE NUMBER & EXTENSION (ex 265A)<br>3445 | PRE-DIRECTION, STREET NAME AND TYPE, POST DIRECTION<br>HERSCHEL Road | | SUITE NUMBER |
| COUNTY<br>FULTON | CITY (IF APPLICABLE) | MAP & PARCEL NUMBER<br>14-194-5-4-4 | ACCOUNT NUMBER |

| TAX DISTRICT | GMD | LAND DISTRICT | ACRES | LAND LOT | SUB LOT & BLOCK |
|---|---|---|---|---|---|
| | | | | | |

| SECTION E – RECORDING INFORMATION (Official Use Only) | | | | |
|---|---|---|---|---|
| DATE | DEED BOOK | DEED PAGE | PLAT BOOK | PLAT PAGE |
| | 48794 | 235 | | |

ADDITIONAL BUYERS

None