FILED IN CLERK'S OFFICE
U.S.D.C Atlanta

APR 0 6 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISSTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JAMES BOGAN *FAMILY*, ) | |
| c/o James Bogan, bey ) | |
| Plaintiff, ) | |
| ) | |
| -VS- ) | |
| ) | Case No. 1:10-CV-01426-TWT |
| TAYLOR BEAN & WHITIKAR, ) | |
| & JOHNSON & FREEMAN LLC ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT

1.   That Plaintiff removed this action from Magistrates court of Fulton County, Georgia on May 11, 2010, and notice of filing was posted on May 18, 2010. The complaint was submitted to the Honorable **Magistrate Judge E. Clayton Scofield.** (eop)

2.   That Defendants submitted a "Motion to dismiss" [DOC 3],to dismiss the initial complaint, for failure to state a claim, on June 9, 2010 before being summoned.

3.   That 30 days later on July 9, 2010 the initial complaint was struck down, and an amended complaint was ordered [DOC 5], by the Honorable **Magistrate Judge E. Clayton**

Scofield. (eop).

4.    That on June 22, 2010 Plaintiff's Amended Complaint,
      with specific relief requested, Under notice pleading, the
      plaintiff need only give the defendant fair notice of the
      plaintiff's claim and the grounds upon which it rests. See
      Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing
      Twombly, 550 U.S. at 555). Amended complaint was filed
      and posted via the electronic filing system on July  9,
      2010. (https://ecf.gand.uscourts.gov/cgi-

      bin/RelTransactQry.pl?761530952617674-L_904_0-1).

5.    That service in this matter, was ordered not to issue
      per the **"ORDER"** signed by the Honorable Magistrate Judge E.
      Clayton Scofield. (eop). See [DOC 5] last sentence of first
      paragraph where it states in bold letters **"SERVICE SHALL**
      **NOT ISSUE AT THIS TIME". Service and the** time allowed by
      Rule 4(m) has not yet run but Defendant did file a motion
      waiving service.

6.    That the clerks Submission to District Judge on August
      3, 2010, by a *Dennis Richardson*, only contained a "MOTION
      TO DISMISS" (see attached transaction receipt). No other
      orders or complaints were submitted with this transaction
      according to pacer. Service in this matter has not been

Page 2 of 7

granted per the previous order [DOC 5].

7.     That on August 9, 2010 District Judge, Honorable Thomas
       W. Thrash, did Grant the motion to dismiss **the initial**
       **complaint** [DOC 3] as stated in his **signed** "Order" based on
       the facts before him which were **only** the "motion to
       dismiss" the initial complaint and amended with the
       specifically cognizable relief requested. SEE: Sanjuan v.
       American Bd. of Psychiatry and Neurology, Inc., 40 F.3d
       247, 251 (7th Cir. 1994) (noting that at the pleading
       stage, the plaintiff "receives the benefit of
       imagination").

8.     That DOC 5 & 7 has not been submitted to the Appeals
       Court after this case has been appealed. As to a matter of
       fairness to all parties, the amended complaint must be
       considered, and has not, and time has expired to consider
       it, this default is proper.

9.     That as of the date of this Affidavit, April 6, 2011,
       Defendant has failed to serve a sworn answer or objection
       to said amended complaint [DOC 7] with proof of service in
       violation of F.R.C.P. Rule 12(a)(1)(A)(i).

10.    That as of the date of this Affidavit, April 6, 2011,
       several days have passed since the entry of the

aforementioned Order [DOC 5] dated July 9, 2010.

11.  That during the days, beginning with the day following
the entry of said Order until the date of this Affidavit,
the Defendant has failed or refused to file an answer or
other responsive pleading in response to Plaintiff's
Amended Complaint.

12.  There is no evidence on the record which would indicate
a responsive pleading has been filed by the Defendant
within the permissible time stipulated in the Order and
consistent with Georgia Statutes and Supreme Court Rules.

13.  That the Defendants Failed to abide by Fed. R. Civ. P.
7. Disclosure Statement (a) Who Must File; Contents.A
**nongovernmental corporate party** must file 2 copies of a
disclosure statement that: and pursuant to LR 3.3, NDGa.

14.  That there is evidence upon the record which indicates
a pattern of the Defendant failing or refusing to comply
with Orders of This Court as well as governing Supreme
Court Rules and Georgia Statutes.

15.  That the Plaintiff has waited for Defendant's
responsive pleadings past the mandatory due date to allow
for any mitigating circumstances which might reasonably
contribute to a delay.

16.   That the Defendant has made an attempt to execute on a writ of possession, without a having title, filed with the Case in Magistrates court of Fulton County, Georgia. This further evidences the defendants notice & knowledge per **42 U.S.C. § 6303**, of the amended complaint that they have yet to answer, and the bases for the initiation of this action.

17.   That in all issues raised by way of Plaintiff's Affidavit, the Defendant is in arrears in filing responsive pleadings.

18.   Plaintiff believes that it is proper that he receive relief under Rule 55 by way of a Clerks judgment of default against the Defendant.

James Bogan, bey, Plaintiff

April 6, 201

Date

**ATTESTATION**

STATE OF Georgia                    )

                                    )SS.

COUNTY OF Fulton                    )

James Bogan-Bey, being first duly sworn on oath, deposes and
states that he is a Plaintiff in the above-captioned matter; that
he has read the foregoing document, and the answers made herein
are true, correct, and complete to the best of his knowledge and
belief.

SIGNATURE

SUBSCRIBED and SWORN to before me on this

6th day of April            , 2011.

NOTARY PUBLIC

Page 6 of 7

| STATE OF GEORGIA | ) | |
|---|---|---|
| | ) | SS |
| COUNTY OF FULTON | ) | |

## **CERTIFICATE OF SERVICE**

I, the undersigned, on oath state that I served the forgoing PLAINTIFF'S AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT for Case No.: 1:10-cv-01426-TWT to the following person(s):

Taylor, Bean & Whitaker Mortgage Corp.
315 NE 14th Street
Ocala, FL 34470

and

Johnson & Freeman LLC
1587 Northeast Expressway
Atlanta, GA 30345
(770) 234-9181
ATTN: Kyle S. Kotake

via email (courtesy notice) and U.S. Mail by placing true and correct copies of the same in an envelope(s) addressed as set forth above and entrusting the receipt and care of said envelope(s) with a desk clerk at the U.S. Post on April 6, 2011.

James Bogan, Bey, Plaintiff
General Post Office
Atlanta, Georgia
(404) 333-8051

**1:10-cv-01426-TWT** Bey v. Johnson Freeman, LLC et al
Thomas W. Thrash, Jr, presiding
**Date filed:** 05/11/2010
**Date terminated:** 08/09/2010
**Date of last filing:** 03/31/2011

## Docket Information and Related Docket Entries
## Case 1:10-cv-01426-TWT

**Filed:**          08/03/2010
**Entered:**        08/03/2010
**Entered By:**     Dennis Richardson,
**Event Name(s):** Submission to District Judge
**Full Docket Text:**
Submission of 3 First MOTION to Dismiss, submitted to District Judge Thomas W. Thrash. (dr)

---

### All Related Docket Entries

**Filed:**          06/09/2010
**Entered:**        06/09/2010
**Entered By:**     Kyle Shigeyuki Kotake,
**Event Name(s):** Motion to Dismiss
**Full Docket Text for Document 3:**
First MOTION to Dismiss by Johnson Freeman, LLC, Taylor Bean & Whitaker Mort. Corp.. (Kotake, Kyle)

---

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/05/2011 21:26:20 | | |
| **PACER Login:** | tg2220 | **Client Code:** | |
| **Description:** | Related Transactions | **Search Criteria:** | 1:10-cv-01426-TWT |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |